Rene A. Stiegler, Jr., and Kinta C. Stiegler v. Commissioner.
Stiegler v. Commissioner
Docket No. 93324.
United States Tax Court
T.C. Memo 1964-57; 1964 Tax Ct. Memo LEXIS 281; 23 T.C.M. (CCH) 412; T.C.M. (RIA) 64057; March 6, 1964
*281 Rene A. Stiegler, Jr., pro se, 1201 Belle Chene Rd., Mobile Ala. Homer F. Benson, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: A deficiency in the income tax of petitioners for the taxable year 1959 has been determined by the Commissioner in the amount of $1,008.20. The sole issue to be decided is whether gain realized by petitioners on the sale of a house and lot in 1959 is or is not excludable from their taxable gross income for that year. All of the facts herein have been stipulated and are so found. The petitioners, residents of Mobile, Alabama, filed their joint Federal income tax return for the taxable year 1959 with the district director, Birmingham, Alabama. On May 1, 1959, petitioners sold real property owned by them in New Orleans, Louisiana, which had, since 1951 until their removal to Mobile, Alabama, in 1953 been used by them as their residence. The sale price realized was $23,000. The amount of realized gain is not at issue. Immediately after the sale of the New Orleans property petitioners began construction of a new abode in Mobile which they completed at a cost of $45,000 and which was occupied as a residence by them beginning *282 in March 1960. Petitioners moved to Mobile in 1953 intending to remain and make their place of abode in that city. From the date of their removal to Mobile they at no time held their New Orleans property as their place of residence, but rented the same to others continuously from that time to the date of its sale, May 1, 1959. Upon moving to Mobile in 1953 petitioners lived in a rented house until they purchased a residence in that city in May 1954. Petitioners lived in this home from the latter date until moving into the home they had built in Mobile in March 1960. Since moving from the home purchased in 1954, petitioners have rented it to others and on the date of hearing hereof still owned the same. Petitioners have not included the gain realized by them on the sale of their New Orleans property in gross taxable income for 1959. The respondent, in determining the deficiency herein, has added such gain to petitioners' gross taxable income. This issue was before us in William C. Stolk, 40 T.C. 345 (1963), affd. - F. 2d - (C.A. 2, Jan. 29, 1964), on facts much stronger for the petitioner than those presented here. In that case there was a mere nonoccupancy of *283 the "old residence" as a residence pending acquisition of a "new residence," while here there is a clear abandonment of the "old" for a period of several years before acquisition of the "new" residence to which acquisition petitioners seek to relate the sale of the "old residence." On the rationale of Stolk, supra, we are impelled to sustain the respondent's determination herein. If this were not enough, we need only point to petitioners' acquisition of a "new residence" in Mobile in May 1954. This is the acquisition of a new residence which would bring into play the provisions of section 1034(a) of the Internal Revenue Code of 1954[1] except for the fact that it is clear the sale of the "old residence" was not within the statutory time limit there provided.
*284 Decision will be entered for the respondent. Footnotes
1. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain. - If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.↩